IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: David L. Meddings and Michelle L. Meddings<br>Debtor, | BANKRUPTCY NO. 21-30046<br><br>CHAPTER 7<br><br>JUDGE JOHN P. GUSTAFSON |
| James Harrison,<br>Plaintiff,<br><br>vs.<br><br>David L. Meddings and<br>Michelle L. Meddings. | A.P. No. 21-3021 |

MOTION TO DISMISS

Now comes the Debtors/Defendants, David L. Meddings and Michelle L. Meddings, by and through their attorney, M. Elizabeth Martindell, and hereby moves this Honorable Court to dismiss the adversary proceeding case in accordance with U.S.C. 12(b)(6) due to a failure to state a claim upon which relief can be granted due to issue preclusion. Further, the Plaintiff does not have standing to pursue this action as applied. Finally, allowing this Adversary Proceeding to proceed is against equity. The reasons for this motion are set forth in more detail in the accompanying memorandum.

WHEREFORE Defendants respectfully request that the Court sustain this Motion to Dismiss Case, and any other such relief as may be just and equitable under the law.

1

Respectfully submitted,

/s/M. Elizabeth Martindell
M. Elizabeth Martindell, #0083920
Attorney for Debtors
1241 E. Center Street, Ste. C
Marion, OH  43302
Phone: 740-382-6588
Fax: 740-375-5372
ElizabethMartindell@gmail.com

MEMORANDUM IN SUPPORT

Debtors/Defendants move that this Adversary Proceeding should be dismissed in accordance with U.S.C. 12(b)(6) due to a failure to state a claim upon which relief can be granted due to lack of subject matter jurisdiction, as well as collateral estoppel/issue and claim preclusion. Further, the Plaintiff lacks standing to bring the action as applied.

This Honorable Court lacks subject matter jurisdiction if the Plaintiff is advancing the same arguments as brought forth in the underlying civil case held in the Marion County Court of Common Pleas, Case Number 2017 CV 0613.  Inasmuch as the Plaintiff is applying the same claims and arguments as were advanced in the initial Marion County Court case, the *Rooker-Feldman* doctrine should be applied to dismiss the Adversary Proceeding.  The *Rooker-Feldman* doctrine is derived from two Supreme Court cases: Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed.2d 362 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). The Sixth Circuit Court of Appeals has explained: [T]he federal claim is inextricably intertwined

with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment. Id., quoting Catz v. Chalker, 142 F.3d 279, 293 (6th Cir., 1998). Thus, the *Rooker-Feldman* doctrine compels the entry of an order dismissing Plaintiff's Adversarial Complaint. Durham v. Haslam, et. al., 528 Fed.Appx. 559, 563 (6th Cir., 2013); Kovacic v. Cuyahoga County Dept. of Children & Family Services, 606 F.3d 301, 309-310 (6th Cir., 2010).

Further, collateral estoppel applies to this case. According to 28 U.S.C. § 1738, the federal Full Faith and Credit statute, a federal court must accord a state court judgment the same preclusive effect the judgment would have in state court. Corzin v. Fordu (In re Fordu), 201 F.3d 693, 703 (6th Cir. 1999). Thus, the doctrines of issue and claim preclusion are analyzed accordingly.

In Ohio, there are four requirements for the application of the doctrine of issue preclusion: (1) a final judgment on the merits after a full and fair opportunity to litigate the issue; (2) the issue was actually and directly litigated in the prior action and must have been necessary to the final judgment; (3) the issue in the present suit must have been identical to the issue in the prior suit; and (4) the party against whom estoppel is sought was a party or in privity with the party in the prior action. Sill v. Sweeney (In re Sweeney), 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002) (citing Gonzalez v. Moffitt (In re Moffitt), 252 B.R. 916, 921 (B.A.P. 6th Cir. 2000)); Thompson v. Wing, 70 Ohio St.3d 176, 183 (1994). The party asserting issue preclusion carries the burden of proving its

3

requirements by a preponderance of the evidence. Simmons Capital Advisors, Ltd. v. Bachinski (In re Bachinski), 393 B.R. 522, 535 (Bankr. S.D. Ohio 2008).

In the present case, the prior litigation in the Marion County Court of Common Pleas, Case Number 2017 CV 0613, did deliver a final, valid decision on the merits regarding the business debt of the Meddings. Although personal liability was still in litigation, there has been much previous discovery with many findings of fact already determined. These issues should not be relitigated in bankruptcy court where the Defendants/Debtors have already exhausted their resources. Further, the parties are still James Harrison versus David and Michelle Meddings, the same parties as in the Marion County Court of Common Pleas lawsuit.

Under Ohio law, claim preclusion bars further litigation when there is: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action that arises out of the transaction or occurrence that was the subject of the previous action. Hapgood v. City of Warren, 127 F.3d 490, 493 (6th Cir., 1997); Grava v. Parkman Township, 73 Ohio St.3d 379, 653 N.E.2d 226, 229 (1995).

Given that the prior litigation in the Marion County Court of Common Pleas, Case Number 2017 CV 0613, did deliver a final, valid decision on the merits regarding the business debt of the Meddings, this is a second action involving the same parties as the first, and this action is both a second action in which the Plaintiff brings up some of the claims that have been litigated in the first action, as well as a second action that arises out of the same occurrence of contractual default, thus the doctrine of claim preclusion applies.

It appears that the only difference in how the Adversary Proceeding is approached by the Plaintiff is the pursuit of arguments related to the mortgage refinancing that Defendants/Debtors effected in 2020, several months prior to filing the bankruptcy action, and at a time when they did

not contemplate filing a bankruptcy action. This mortgage refinancing is the standard process to deal with a balloon payment, and the Meddings addressed the balloon payment due on their previous mortgage through this standard process. The equity funds cashed in went towards mortgage refinancing fees, paying three different contractors to make improvements to the home, and for Mr. and Mrs. Meddings to buy further materials to make their own improvements to the home.

The Plaintiff does not have standing to pursue this action as applied. Plaintiff alleges that 11 U.S.C. 523(a)(2)(A) excludes debts "to the extent the indebtedness was obtained by false pretenses, a false representation or actual fraud" from discharge and that 11 U.S.C. 523(a)(6) excludes debts "for willful and malicious injury by the debtor to another entity or to the property of another entity" from discharge. However, in advancing both of these arguments, the Plaintiff has only presented harm to himself. He has never asserted that the mortgage company was injured by the refinancing, and, in fact, the mortgage company likely entered into the refinancing contract as a benefit to them. Plaintiff lacks standing for filing this adversary action when the crux of his argument appears to be that the mortgage refinance was fraudulent or causing a willful and malicious injury.

Finally, Plaintiff's filing of the Adversary Proceeding is against decent principals of equity. Under §105(a) of the Bankruptcy Code, which states that "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Bankruptcy courts sit in equity. See Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988). So long as it is exercising that power within the bounds of the Bankruptcy Code (and the Constitution, Stern v. Marshall, 564 U.S. 462, 131 S.Ct. 2594, 2620, 180 L.Ed.2d 475 (2011)), a bankruptcy court may

5

answer the nondischargeability question without deciding the value of the claim. See 11 U.S.C. § 105(a); In re Granger Garage, Inc., 921 F.2d 74, 77 (6th Cir.1990).

The Plaintiff appears to have filed the Adversary Proceeding in the spirit of further punishing Mr. And Mrs. Meddings. Plaintiff has already forced the Meddings to spend years and a small fortune in litigation. This action was enough to prevent the Defendants from reopening their business and the continued litigation has resulted in Mr. and Mrs. Meddings being forced into bankruptcy, all while the Plaintiff still expends his significant resources to further pressure Mr. and Mrs. Meddings into hardship. Such a result is against equity and interferes with the ability of Defendants to have a fresh start after the bankruptcy case is resolved. The statutory exceptions are intended to implement the fundamental bankruptcy policy of affording a "fresh start" only to "the honest but unfortunate debtor." Id. (citing Grogan v. Garner, 498 U.S. 279, 286-87 (1991)). In order to implement the fresh start policy, the exceptions to discharge for debts listed in § 523(a) are to be construed narrowly. Rembert v. AT&T Universal Card Svcs., Inc. (In re Rembert), 141 F.3d 277, 281 (6th Cir. 1998).

WHEREFORE Defendants respectfully request that the Court sustain this Motion to Dismiss Case, and any other such relief as may be just and equitable under the law.

Respectfully submitted,

/s/M. Elizabeth Martindell
M. Elizabeth Martindell, #0083920
Attorney for Debtors
1241 E. Center Street, Ste. C
Marion, OH  43302
Phone: 740-382-6588
Fax: 740-375-5372
ElizabethMartindell@gmail.com

CERTIFICATE OF SERVICE

This is to certify that a copy of this application was sent electronically this 16th of September, 2021 to:

| | |
|---|---|
| United States Trustee<br>US Courthouse<br>201 Superior Av. E Ste. 401<br>Cleveland, OH  41114<br>(Served via ECF) | William Swope<br>Chapter 7 Trustee<br>610 Tiffin Avenue<br>Findlay, OH 45840-3336<br>(Served via ECF) |

Charles M. Elsea
Stebelton Snider LPA
109 N. Broad Street, Ste. 200
PO Box 130
Lancaster, Ohio 431030
(served via ECF and US mail)

                                                     /s/ M. Elizabeth Martindell
                                                     M. Elizabeth Martindell
                                                     Attorney for Debtor